# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

FILED
November 22, 2013
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**OPAL D. FOX,**
**Claimant Below, Petitioner**

**vs.)    No. 12-0310**  (BOR Appeal No. 2046726)
                         (Claim No. 2010126749)

**WEBSTER TRUCKING, INC.,**
**Employer Below, Respondent**


## MEMORANDUM DECISION

Petitioner Opal D. Fox, by William B. Gerwig III, her attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. Webster Trucking, Inc., by James Heslep and Gary Nickerson, its attorneys, filed a timely response.

This appeal arises from the Board of Review's Final Order dated February 24, 2012, in which the Board affirmed a December 21, 2011, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges affirmed the claims administrator's December 23, 2010, decision granting Ms. Fox an 8% permanent partial disability award for the lumbar spine. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

On January 13, 2010, Ms. Fox sustained a lower back injury, and on April 2, 2010, the claims administrator held the claim compensable for lumbar sprain. On October 14, 2010, Dr. Mukkamala performed an independent medical evaluation to determine the amount of permanent impairment resulting from the compensable injury. Dr. Mukkamala found that Ms. Fox has 14% whole person impairment for her lumbar spine under the range of motion model, and then placed her in Category II of West Virginia Code of State Rules § 85-20-C (2006). Based upon his placement of Ms. Fox in Category II of West Virginia Code of State Rules § 85-20-C, he

1

recommended an 8% permanent partial disability award. On December 23, 2010, the claims administrator granted Ms. Fox an 8% permanent partial disability award based on the opinion of Dr. Mukkamala.

In its Order affirming the December 23, 2010, claims administrator's decision, the Office of Judges held that Ms. Fox is entitled to an 8% permanent partial disability award as a result of the January 13, 2010, injury. Ms. Fox disputes this finding and asserts that she is entitled to an increased permanent partial disability award for the lumbar spine. She further asserts that West Virginia Code of State Rules § 85-20-C is invalid because it is in conflict with West Virginia Code § 23-4-6 (i) (2005).

As noted by the Office of Judges, Dr. Mukkamala's report is the only report of record addressing the issue of permanent partial disability. The Office of Judges relied on *Simpson v. West Virginia Office of the Insurance Commissioner*, 223 W. Va. 495, 678 S.E.2d 1, Syl. Pt. 16 (2009), in which this Court held that West Virginia Code of State Rules § 85-20-C "is valid and is a proper exercise of the rule-making authority delegated to the Workers' Compensation Board of Managers by the Legislature in West Virginia Code § 23-4-3b (b) (2005)." This Court reiterated its holding in *Simpson* in *Gore v. West Virginia Office of the Insurance Commissioner,* Memorandum Decision Number 11-0612 (2013). The Office of Judges found that Dr. Mukkamala properly applied West Virginia Code of State Rules § 85-20-C, and that Ms. Fox is therefore entitled to an 8% permanent partial disability award resulting from the January 13, 2010, injury. The Board of Review reached the same reasoned conclusions in its decision of February 24, 2012. We agree with the reasoning and conclusions of the Board of Review.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED:  November 22, 2013**

**CONCURRED IN BY:**
Chief Justice Brent D. Benjamin
Justice Robin J. Davis
Justice Margaret L. Workman
Justice Allen H. Loughry II

**DISSENTING:**
Justice Menis E. Ketchum